*35 ON REHEARING
FOURNET, Chief Justice.
We granted this rehearing on the application of the defendant, J. W. Smith, Jr., hut limited it “to the question of whether the financial inability of the employer to pay workmen’s compensation is a sound basis for denying penalties and attorneys’ fees” in such cases.
As pointed out in our original opinion, the question of whether an employer is justified in discontinuing compensation payments depends primarily upon the facts as they existed and were known to him at the time he ceased making such payments. However, the issue to which this rehearing was limited was never raised in any of the pleadings filed by Smith, nor can it be said to have been raised through the enlargement of the pleadings by the testimony. In fact, it was not even urged in argument of counsel representing him or in the application for rehearing.
Actually, Smith, in his answer, took the position he was justified in discontinuing these compensation payments for the reason that Lee had fully recovered from the injury suffered during the course of his employment, and any disability existing at the time the suit was filed was caused by a fishing accident. Some 14 months later, in a supplemental and amended answer, Smith pleaded “as an additional defense” that Lee was not entitled to compensation because he willfully and deliberately failed to use a safety device Smith procured for his protection, and also to comply with safety rules and regulations.
If Smith intended to claim financial inability to pay Lee, it does not seem reasonable that he would have testified on the trial he still intended to pay the note he gave the physician treating Lee despite his inability to collect this amount from the company issuing him an accident policy because he had, unfortunately, permitted it to lapse. Furthermore, the record show,s the safety device referred to in the pleadings was purchased by Smith for some $21,000, and that he furnished personal bond of $18,000 in this case, which was in excess of the maximum amount due Lee as compensation.
Inasmuch, therefore, as the record clearly reflects Smith’s discontinuance of the compensation payments to Lee was not due to financial inability to meet this obligation, and no showing was made that he was financially unable to do so, we find it unnecessary to pass on the abstract question to which this rehearing was limited, i. e., whether an employer’s inability to pay an injured workman compensation is a sound basis for refusing to award penalties and attorney fees to the workman compelled to resort to legal action to secure such payments.
For the reasons assigned, our judgment and decree on original hearing are reinstated.
HAMITER, J., concurs.